IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:03-CR-275-FL-1
No. 5:16-CV-648-FL

| | | |
|---|---|---|
| KENJAY ALBERT BROWN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence, filed pursuant to 28 U.S.C. § 2255 (DE 57), which challenges petitioner's sentence in light of the Supreme Court's ruling in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015). The matter also is before the court on respondent's motions to dismiss and lift stay (DE 71). The issues raised are ripe for ruling.[1] For the reasons that follow, the court dismisses petitioner's motion to vacate, and grants respondent's motions to dismiss and lift stay.

**BACKGROUND**

On December 3, 1993, petitioner pleaded guilty pursuant to a written plea agreement to one count of possession and discharge of a firearm during a crime of violence and aiding and abetting, in violation of 18 U.S.C. § 924(c) and 2. On February 17, 2004, petitioner was sentenced to a term of 225 months' imprisonment. At sentencing, the court found petitioner was a career offender under

---

[1]This § 2255 matter and underlying criminal case were reassigned to the undersigned district judge upon retirement of the district judge who presided over petitioner's original judgment of conviction and sentencing.

the then-mandatory United States Sentencing Guidelines[2] based on petitioner's prior North Carolina convictions for robbery with a dangerous weapon and discharging a weapon into occupied property. The career offender designation produced a mandatory Guidelines sentencing range of 262 to 327 months' imprisonment. Petitioner received a below-guideline sentence pursuant to a motion for downward departure filed by the government.

Petitioner did not appeal his conviction or sentence. On March 15, 2005, petitioner filed his first motion to vacate, set aside, or correct sentence, which was denied.

On June 20, 2016, the Fourth Circuit granted petitioner's motion for authorization to file second or successive § 2255 motion. On June 26, 2016, petitioner, proceeding pro se, filed the instant motion to vacate pursuant to 28 U.S.C. § 2255, arguing that he was improperly designated a career offender under Johnson.[3] The court thereafter stayed consideration of the motion pending the Supreme Court's final decision in Beckles v. United States, No. 15-8544. On April 7, 2017, the court lifted the stay and ordered petitioner to show cause why his § 2255 motion should not be dismissed in light of Beckles v. United States, 137 S. Ct. 886 (2017). Petitioner filed supplemental memorandum in response to the court's order, arguing Beckles does not control the outcome of the instant motion to vacate.

On April 10, 2017, petitioner's counsel moved to withdraw as counsel of record, stating that after review of petitioner's file, the Federal Public Defender's Office did not intend to present any

---

[2] Petitioner was sentenced prior to the Supreme Court's decision in United States v. Booker, which held the mandatory Sentencing Guidelines were unconstitutional. 543 U.S. 220, 245 (2005).

[3] Petitioner states he placed his § 2255 motion in the prison mailing system for delivery to the court on January 11, 2016. That date cannot be correct because the court did not receive his motion until July 1, 2016. For purposes of resolving the instant motion, the court assumes that petitioner placed the motion in the prison mailing system on or before June 26, 2016, when the one-year statute of limitations for filing Johnson claims expired. See Houston v. Lack, 487 U.S. 266, 275-76 (1988) (holding limitations period in prisoner cases is calculated based on the date prisoner places filing in prison mailing system).

2

Johnson motions to the court. The court granted counsel's motion that same day.

On June 7, 2017, the court held this matter in abeyance pending the Fourth Circuit's decision in United States v. Brown, No. 16-7056. The Fourth Circuit decided Brown on August 21, 2017, holding that Johnson does not trigger the § 2255(f)(3) statute of limitations for petitioners challenging the mandatory career offender provision, thus rendering the Brown petitioner's claim untimely.[4] United States v. Brown, 868 F.3d 297, 303 (4th Cir. 2017). The Fourth Circuit thereafter denied the request for en banc review in Brown. United States v. Brown, 891 F.3d 115 (4th Cir. 2018).

On March 27, 2018, respondent filed the instant motions to dismiss and lift stay. Petitioner filed response in opposition to the motion to dismiss, but he did not oppose the request to lift stay. On May 23, 2018, the court lifted the stay, and directed petitioner to file supplement to his § 2255 motion showing cause why the motion should not be dismissed in light of Brown. Petitioner filed the requested supplement, arguing the instant motion is timely despite the Brown holding. The Supreme Court thereafter denied the petition for certiorari in Brown. 139 S. Ct. 14 (2018).

**COURT'S DISCUSSION**

A.  Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court

---

[4] As here, the Brown petitioner did not assert his claim was timely under any of the remaining § 2255(f) limitations periods.

shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id. § 2255(b).

B. Analysis

In his sole claim, petitioner argues that his sentence is unconstitutional. (Mot. (DE 57) ¶ 12). Petitioner contends that his North Carolina convictions for robbery with a dangerous weapon and discharge of a weapon into occupied property cannot serve as predicate convictions for his career offender designation in light of Johnson. (Id.)

Petitioner's motion was not filed within the applicable statute of limitations and therefore must be dismissed as untimely. A one-year statute of limitation applies to § 2255 motions. See 28 U.S.C. § 2255(f). The limitation period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Petitioner relies on § 2255(f)(3), arguing Johnson recognizes a new right applicable to the mandatory career offender provision that has been made retroactively applicable to cases on collateral review. In Johnson, the Supreme Court struck down the residual clause of the Armed

4

Career Criminal Act ("ACCA") as unconstitutionally vague.[5] 135 S. Ct. at 2555. The Supreme Court subsequently held that Johnson applies retroactively to cases on collateral review, thereby permitting defendants with Johnson claims to file a § 2255 motion within the one-year § 2255(f)(3) limitation period. See Welch v. United States, 136 S. Ct. 1257, 1268 (2016).

Petitioner argues Johnson and Welch's reasoning applies equally to a similar clause found in the career offender provision of the United States Sentencing Guidelines at the time of his sentencing. See U.S.S.G. §§ 4B1.1 cmt. 1 & 4B1.2(a)(1) (2003) (defining "crime of violence" in the career offender provision using residual clause similar to that found in ACCA). Petitioner contends his motion is timely under § 2255(f)(3) because he filed it within one year of the Johnson decision.

Petitioner's argument is foreclosed by the Fourth Circuit's decision in Brown, which held the Supreme Court has not "recognized" that Johnson applies to the mandatory career offender provision for purposes of the § 2255(f)(3) statute of limitations. As the Fourth Circuit explained,

> In short, Petitioner's cited cases do not recognize, and the dissent does not point to, any right helpful to him. Johnson only recognized that ACCA's residual clause was unconstitutionally vague, 135 S. Ct. at 2557; it did not touch upon the residual clause at issue here. Likewise, Beckles only recognized that the advisory Sentencing Guidelines are not amenable to vagueness challenges. 137 S. Ct. at 895. In a future case, the Supreme Court may agree with an argument similar to Petitioner's that because the challenged residual clause looks like ACCA and operates like ACCA, it is void for vagueness like ACCA. See id. at 892 n.2 (noting former circuit split). But Beckles demonstrates that quacking like ACCA is not enough to bring a challenge within the purview of the right recognized by Johnson. Accordingly, at least for purposes of collateral review, we must wait for the Supreme Court to recognize the right urged by Petitioner. See Dodd [v. United States, 545 U.S. 353, 359 (2005)]. We hold that Petitioner raises an untimely motion in light of § 2255(f)(3)'s plain language, the narrow nature of Johnson's binding holding, and Beckles's indication that the position advanced by Petitioner remains an open

---

[5]ACCA's residual clause defines a "violent felony" as an offenses that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).

5

question in the Supreme Court.

Brown, 868 F.3d at 303.

Brown dictates that petitioner's claim is untimely under § 2255(f)(3), and petitioner does not argue the motion is timely under § 2255(f)(1)-(2) or (4), or that he is entitled to equitable tolling. Accordingly, the instant motion to vacate is dismissed as untimely.[6]

C. Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

**CONCLUSION**

Based on the foregoing, the court DISMISSES petitioner's motion to vacate (DE 57) and GRANTS respondent's motions to dismiss and lift stay (DE 71). A certificate of appealability is DENIED. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 3rd day of January, 2019.

LOUISE W. FLANAGAN
United States District Judge

---

[6]The court further notes that neither petitioner nor his appointed counsel argue that his underlying § 924(c) conviction is invalid in light of Johnson, and thus the court does not address this issue.